Probate Court *v.* St. Clair.

PROBATE COURT FOR THE DISTRICT OF WASHINGTON ;
FINETT ST. CLAIR, Prosecutor, *v.* ROYAL ST. CLAIR
AND Others.

*Jurisdiction of County Court of Actions on Probate Bonds.
Gen. Sts. c. 60, s. 2. Evidence. Principal and Surety.
Estoppel.*

*Semble* that under section 2, c. 60, Gen. Sts. debt on a probate bond for the recovery of less than $200, is within the original jurisdiction of the County Court.

In debt on such a bond conditioned for the prosecution of an appeal from probate of a will and for payment of intervening costs, &c., the record of the County Court showed an allowance of costs against appellant. Defendants sought to prove by the clerk's docket and otherwise that costs were not allowed. *Held*, that the record could not be collaterally impeached when adduced by a party thereto or his privy, and that the evidence was inadmissible.

Two of the defendants, sureties in the bond, sought to prove that they signed it under an agreement with the principal therein that he should procure it to be signed by H., whose name was not signed thereto. H. was not named in the bond, and there was nothing on its face to indicate that it was not perfected. *Held*, that the Probate Court was warranted in receiving it as a completed bond, and that the evidence was inadmissible.

The principal placed property in the hands of those sureties for their indemnity. He afterwards told them he had withdrawn the appeal on an agreement that no costs should be taxed, &c.; and the sureties, believing, and having reason to believe, that no costs were to be claimed, surrendered the property. *Held*, that the prosecutor was not estopped to pursue the sureties.

DEBT on a probate bond in ordinary form in the sum of $200, executed on March 2, 1872, to the Probate Court for the District of Washington, by defendant St. Clair, as principal, and defendants Horace Clark, Edward F. Smith, and J. P. Lamson as sureties. The bond was conditioned for the prosecution of an appeal. by the principal therein from the probate by said court of the will of the principal's father, Thomas J. St. Clair, and for the payment of all intervening damages and costs. Trial by the court, March Term, 1878, REDFIELD, J., presiding.

It appeared that the decree of the Probate Court was affirmed by the County Court, at its March Term, 1874, and that the costs on appeal amounted to $79.91, which was the sum here sought to be recovered. The defendants offered the clerk's docket and other evidence to show that the County Court made no order as to costs, but the plaintiff objected to all evidence on that point save the record itself. The court, however, admitted the evidence; to which the plaintiff excepted. It appeared therefrom that the court, at the time it made final order and decree admitting the will to probate, made no order for costs, but that the clerk, afterwards and without order, but in accordance with the general practice, extended the record on the books, reciting that costs were ordered.

It appeared that when the action was brought, defendant Clark resided out of the state, and afterwards died, without having returned, and that defendant St. Clair also resided out of the state. Defendants Smith and Lamson only therefore appeared. They offered to prove that they signed the bond under an agreement with the principal therein that he should procure C. H. Heath also to sign it. The plaintiff objected to the admission of the evidence, but the court admitted it; to which the plaintiff excepted. The court found that defendants Smith and Lamson did sign the bond under an agreement that the principal should procure Heath to sign it before it should be delivered or become obligatory; but it did not appear that either the Probate Court or the prosecutor had any knowledge thereof.

The defendants Smith and Lamson urged that the bond never became obligatory on them, and that the principal withdrew oppo-

sition to the probate of the will on condition that the executor should exact no costs of him, but that agreement was not satisfactorily proved. It appeared, however, that the principal put property into the hands of the sureties sufficient fully to indemnify them; that he afterwards informed them that he had withdrawn opposition to the probate of the will, under an agreement that no costs should be taxed, that the clerk's docket entry included no costs, and that the executor never claimed costs before settling his administration account; and that the sureties believed, and had good reason to believe, that no costs were to be claimed, and so surrendered such property.

The court rendered judgment for the defendants for their costs; to which the plaintiff excepted.

*O. L. Hoyt,* for the plaintiff.

The record is conclusive, and parol testimony was not admissible to vary it. *State* v. *Brown,* 49 Vt. 437 ; *Quinn* v. *Hard,* 43 Vt. 375 ; *Passumpsic Bank* v. *Goss,* 31 Vt. 315 ; *Harrington* v. *Wright,* 48 Vt. 427, and cases *passim.* Records can be avoided only upon proceedings brought for that purpose. *Mosseaux* v. *Brigham,* 19 Vt. 457 ; *Levens* v. *Fisher,* 30 Vt. 200.

The evidence of the agreement to procure Heath to sign was inadmissible. *Pitts* v. *Brown,* 49 Vt. 86, and cases *passim.* *Fletcher* v. *Austin,* 11 Vt. 447, is distinguishable.

*J. P. Lamson,* for the defendants.

The County Court did not have original jurisdiction, and the case should have been dismissed on the motion filed therein. Gen. Sts. c. 31, s. 18. Section 2, c. 60 does not apply when the sum in demand, &c., is less than $200.

On final hearing in County Court of appeal from probate, costs are in the discretion of the court. Gen. Sts. c. 48, ss. 32–37. It does not appear that there was any judgment for costs. If none, the case is at an end. *Phelps* v. *Slade,* 10 Vt. 192 ; *Tyler* v. *Frost,* 48 Vt. 486. The County Court had a right to look into its own docket to see if the record had been properly made, and to amend, if necessary. *Armstrong* v. *Colby,* 47 Vt. 359.

The sureties are not liable if the bond was not to be delivered till others had signed it.  *Fletcher* v. *Austin*, 11 Vt. 447.

The plaintiff was bound to act in good faith toward the sureties —not stand by knowing them to be secured, and see them surrender their security in the erroneous belief that they were released.

The opinion of the court was delivered by

BARRETT, J.  The bill of exceptions shows the case upon which this court is to pass judgment.  That, and what is made part thereof by reference, is before the court, and nothing else.  Consequently the motion to dismiss for want of jurisdiction in the County Court, shown by the docket to have been made and passed upon and excepted to, is not before us, for nothing of that matter is shown by the bill of exceptions.  Nevertheless, as that question of jurisdiction has been presented and argued, we, *de bene esse*, have considered it, and hold that the motion was properly overruled ;  and that this is a suit on a probate bond, and could not properly be brought before a justice of the peace.  The statute expressly gives jurisdiction to the County Court.

The record of the County Court shows that upon the appeal, costs were allowed and adjudged against the appellant.  The evidence showed a breach of the condition of the bond by the non-payment of said judgment for costs.  That record imports absolute verity so long as it remains a duly authenticated record of said court.  It is fundamental and elementary that such record cannot be impeached, altered, or invalidated incidentally and collaterally, when it is adduced by the parties or their privies as evidence of an adjudication.  The only resource that such parties or privies have, when any of them would avert the effect of such record, is some proper proceeding directly to invalidate or to correct the record for the alleged fault in it.  The elements or material that were before the recording officer, and out of or on account of which he made up and authenticated the record, cannot be invoked, or made the subject of inquiry, as showing that the record is not what it should be, when such record is vouched as evidence of its contents for the purpose of having it operate upon the right in question.  In this view there is no occasion for

inspecting and considering the docket entries and the files, as bearing on the question of what was done by the County Court as to matter of costs of the appeal.    The record showed that the County Court adjudged costs to the appellee—which costs not having been paid, there was thereby a breach of the condition of the bond. This is not the case of a record or of docket entries in a proceeding not yet consummated by final action of the court.    It is an independent suit, in which a completed record constitutes an element in the cause of action.    It is not one of those cases in which the court may assume to correct the record or docket entries of its proceedings without a distinct and independent proceeding for that purpose.

The agreement of the principal with the defendants Smith and Lamson, that he should procure Mr. Heath to sign said bond as surety, cannot avail said defendants in this action.    The bond, when returned to the Probate Court, appeared to be a perfected bond, with nothing on its face or in any way appertaining to it indicating that it was not perfected, and in just the condition that all the signers designed it to be when returned and delivered to the Probate Court.    It was a bond required by law for security and indemnity to the party against whom the appeal was taken, according to its terms and conditions.    As such, the Probate Court received it from the principal, and was warranted in deeming it an honest, fully completed, and authentic bond as to all the parties to it, and in favor of all who should be entitled to the indemnity it purports to afford.    To permit its validity, as against any of the makers of it, to be impeached on the score of the violated agreement between the principal and the said sureties, would encounter all the reasons upon which the cases cited of promissory notes have been decided.    It would visit upon parties in no fault the consequences resulting from the faulty negligence of parties now seeking immunity therefrom.    The cases are uniform in principle, and uniform in the application of the principle, and this case has no element or peculiarity that entitles it to be distinguished from the other cases of this category.

What took place between the principal and his sureties, the defendants, in the matter of the putting of property into their

hands as security, and his representations to them, and what they understood and believed, as constituting the ground and reason on which they gave back to him said security, does not involve either the executor or the prosecutor in any such way as to affect them as by an estoppel against pursuing the defendants upon this bond in this action. Their course seems to have been the result of confidence reposed in the principal, and of assumptions or inferences of their own which neither the executor or prosecutor gave occasion or ground for in any such way or in any such sense as to create an estoppel upon the prosecutor from pursuing this bond.

Judgment reversed, and judgment for plaintiff for the amount of the costs shown by the record, with interest from the time of filing of said certificate of judgment in the Probate Court.